UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: 6:22-cv-00212

PEDRO MILLAN,

    **Plaintiff,**

v.

TRANS UNION, LLC, and
RECEIVABLE MANAGEMENT GROUP, INC.
d/b/a RECEIVABLE MANAGEMENT GROUP,

    **Defendants.**
_____/

**COMPLAINT**

Plaintiff Pedro Millan ("Plaintiff") sues Defendant Trans Union, LLC, and Defendant Receivable Management Group, Inc. d/b/a Receivable Management Group (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

    1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

    2.    Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

**PARTIES**

    3.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Osceola County, Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4. Defendant Trans Union, LLC ("Defendant TransUnion" or "TransUnion") is a Delaware limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

5. Defendant Receivable Management Group, Inc. d/b/a Receivable Management Group ("Defendant Debt Collector" "Defendant RMG" or "RMG") is a Georgia limited liability company, whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

7. On or about December 10, 2021, Plaintiff sent a detailed written dispute (the "Dispute") regarding the RMG account had by Plaintiff (the "Account") to Defendant TransUnion, (the "Credit Reporting Agency" or "CRA").

8. In response to the Dispute, the CRA promptly and properly gave notice to Defendant RMG of the Dispute in accordance with the FCRA. Rather than taking the necessary action and conducting an appropriate investigation, however, Defendants failed to modify, delete or block the inaccurate information reported on Plaintiff's account and, instead, continue to report inaccurate information as to Plaintiff.

## ALLEGATIONS INVOLVING DEFENDANT RMG

9. Defendant RMG is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

10. On a date better known by Defendants, the CRA promptly and properly gave notice to Defendant RMG of Plaintiff's dispute in accordance with the FCRA.

11. In response to the notice, it received from the CRA regarding Plaintiff's disputes, Defendant RMG did not, and otherwise failed, to conduct a reasonable investigation into the Account the subject of the Dispute.

12. In response to receiving notice from the CRA regarding Plaintiff's disputes, Defendant RMG failed to correct and/or delete information it knew to be inaccurate and/or which Defendant RMG could not otherwise verify.

13. Instead of conducting a reasonable investigation, Defendant RMG erroneously validated the Account and reported and continues to report inaccurate information as to Plaintiff to the CRA.

14. As of the filing of this Complaint, Defendant RMG, nor anyone on Defendant RMG's behalf, has not contacted Plaintiff to further investigate the Dispute.

### ALLEGATIONS INVOLVING TRANSUNION

15. TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." TransUnion regularly obtains and analyzes financial information about

16. TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

17. On February 10, 2021, Plaintiff sent a detailed written dispute regarding the Account to Defendant TransUnion which read as follows:

```
I am disputing the following accounts and will expect that you
complete the investigation within 30 days and send the updated
report to me.  If these inaccurate items are not verified within 30
days, I demand that they immediately be deleted from the credit
report.
```

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

> **Reason for Dispute:  I do not owe this money, not my account, I was injured at work**
>
> **Receivable Management Group opened 2/23/21 $110 balance**

18. Despite receiving Plaintiff's dispute and the fact that Plaintiff does not owe the amount reported by Capital One, TransUnion continues to report Plaintiff's account inaccurately and as "Potentially Negative".

19. Despite receiving Plaintiff's dispute and the fact that Plaintiff does not owe the amount reported by Capital One, TransUnion continues to report Plaintiff's account inaccurately.

20. Continuing to report Plaintiff's account status in this fashion is significant. By continuing to report Plaintiff's account status in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

21. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

22. As of the filing of this Complaint, TransUnion, or anyone on TransUnion's behalf, has not contacted Plaintiff to further investigate the Dispute.

23. TransUnion failed to conduct a reasonable investigation.

24. TransUnion failed to review and consider all relevant information submitted by Plaintiff.

25. TransUnion failed to conduct an independent investigation and, instead, deferred to Defendant Debt Collector despite the evidence and/or information Plaintiff provided to it (TransUnion).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

26. TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, TransUnion failed to correct the information.

27. TransUnion's reporting of inaccurate information the subject of the Disputes, despite evidence that said information is inaccurate, evidences TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

28. TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's dispute and, instead, choose to parrot the information it (TransUnion) received from the RMG despite being in possession of evidence that the information was inaccurate.

29. Without any explanation or reason, TransUnion continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

30. Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

### COUNT 1
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant TransUnion)

31. Plaintiff incorporates by reference ¶¶ 9-30 of this Complaint.

32. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

33. TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's TransUnion credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

34. TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

35. TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

36. The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

37. Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

38. The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of

PAGE | **6** of **12**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

39. As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

40. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant TransUnion)

41. Plaintiff incorporates by reference ¶¶ 9-30 of this Complaint.

42. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

43. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

PAGE | **7** of **12**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

44. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

45. Additionally, TransUnion negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

46. TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

47. The conduct, action, and inaction, of Equifax was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

48. Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

49. As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

50. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant RMG)

51. Plaintiff incorporates by reference ¶¶ 9-30 of this Complaint.

52. On at least one occasion within the past two years, by example only and without limitation, Defendant RMG violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

53. On at least one occasion within the past two years, by example only and without limitation, Defendant RMG violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

54. On at least one occasion within the past two years, by example only and without limitation, Defendant RMG violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

55. Upon information and belief, Defendant RMG was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

56. When Defendant RMG received notice of Plaintiff's dispute from the CRAs, Defendant RMG could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

57. Defendant RMG would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant RMG had reviewed its own systems and previous communications with the Plaintiff.

58. Defendant RMG's investigation was per se deficient by reason of these failures on Defendant RMG's investigation of Plaintiff's dispute.

59. As a direct and proximate result of Defendant RMG's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

60. Defendant RMG's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

61. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant RMG, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

COUNT 4
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant RMG)

62. Plaintiff incorporates by reference ¶¶ 9-16 of this Complaint.

63. On at least one occasion within the past two years, by example only and without limitation, Defendant RMG violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

64. On one or more occasions within the past two years, by example only and without limitation, Defendant RMG violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

65. On one or more occasions within the past two years, by example only and without limitation, Defendant RMG violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate Information.

66. When Defendant RMG received notice of Plaintiff's dispute from the CRAs, Defendant RMG could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

67. Defendant RMG would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant RMG had reviewed its own systems and previous communications with the Plaintiff.

68. Defendant RMG's investigation was per se deficient by reason of these failures on Defendant RMG's investigation of Plaintiff's dispute.

69. As a direct and proximate result of Defendant RMG's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the

errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

70. Defendant RMG's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

71. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant RMG, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: February 2, 2022

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:        855-529-9540

*COUNSEL FOR PLAINTIFF*